## GOSLING v. ROBERTS.

1. The first claim of reissued letters-patent No. 5644, granted to John W. Gosling Nov. 4, 1873, for an "improvement in step-covers and wheel-fenders for carriages," if construed to be broad enough to cover the structure made in accordance with the specification annexed to letters-patent No. 90,584, granted to John Roberts May 25, 1869, is void, because the invention is not new, nor is it embraced in the original letters.

2. The invention covered by the claim of Gosling's original letters (*post,* p. 42) was new, and they are adequate to secure it.

APPEAL from the Circuit Court of the United States for the Southern District of Ohio.

This was a bill filed by Gosling, wherein he alleges that, being the first inventor of a new and useful improvement in step-covers and wheel-fenders for carriages, he obtained letters-

patent therefor, No. 62,406, bearing date Feb. 26, 1867 ; that on his surrendering them, reissued letters No. 5,644, dated Nov. 4, 1873, were granted to him for that invention, and that Roberts, the defendant, was infringing them.  He prays for an injunction, an account, and general relief.

Roberts denies as well the alleged infringement, the novelty, and utility of the improvement described in the reissued letters, as Gosling's claim to be the first inventor thereof.  He also sets up as a defence that they are void, because they include matters not covered by the original letters.

The court, upon a final hearing, dismissed the bill, and Gosling appealed.

The specifications and claims which are set forth in the opinion of the court refer to certain drawings.  Those annexed to Gosling's original letters are as follows : —

Fig. I.

Fig. 2.

The drawings annexed to his reissued letters are as follows: —

*Mr. Charles L. Mitchell* and *Mr. D. H. J. Holmes* for the appellant.

*Mr. William Hubbell Fisher* for the appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

As a material question in this case arises on the difference between the specifications and claims of the original and the

reissued patents granted to the appellant, they are subjoined in parallel columns, the portions in each which are not found in the other being in italics.

ORIGINAL.

" *This* invention *relates to* a cheap and simple device for preventing the accumulation of mud and dust on the steps of carriages, &c., and, also, for guarding the clothes of the rider from coming in contact with the wheels on entering or leaving the vehicle.

In the accompanying drawings Fig. 1 shows the position of my fender when the carriage door is open, *and* Fig. 2 represents it when the door is closed. A represents the body of *a* carriage, B the rear wheel, C the door, and D the step; E is a *yielding* plate, which may be made of sheet *steel* or other suitable material, and the upper end of said plate is hinged or otherwise secured to the door C, *whilst its* lower end *is* connected to *a* bar H, having an eye *h*, which engages with a suitable aperture in the flange *d* of the step. This provision of the perforated flange *d* and eye *h enables* the *plate* E to turn in either direction as the door C is opened or closed. The *flexibility of the plate* E *enables it to* bend up in the act of opening *or* closing the door (see dotted lines in Fig. 1), and its elasticity enables it to hold the door firmly in either closed or

REISSUE.

" *My* invention *consists of* a cheap and simple device for preventing the accumulation of mud and dust on the steps of carriages, &c., and, also, for guarding the clothes of the rider from coming in contact with the wheels on entering or leaving the vehicle.

In the accompanying drawings Fig. 1 shows the position of my fender when the carriage door is open; Fig. 2 represents it when the door is closed. A represents the body of *the* carriage, B the rear wheel, C the door, and D the step; E is a plate, which may be made of sheet *metal* or other suitable material, and the upper end of said plate is hinged or otherwise secured to the door C. *The* lower end *of the combined cover and fender* E *may be* connected to *the* bar H, having an eye *h*, which engages with a suitable aperture in the flange *d* of the step. This provision of the perforated flange *d* and eye *h, by reason of its loose character, permits* the *cover and fender* E to turn *freely* in either direction as the door C is opened or closed. The *cover and fender* E *I prefer to make of flexible material, so that it may* bend in the act of opening *and* closing

wide-open position. When the door is shut, the plate E closes up over the step D, and *this* prevents the wheel from throwing dirt *upon said* step, as clearly shown in Fig. 2, but, as soon as the door is opened, the *plate* E *turns on the pivot device, d h, at its lower end, thus uncovering the step and serving* as a fender to prevent the *occupant's* clothes from coming in contact with the hind wheel of the carriage, as represented in Fig. 1. *The yielding plate* E *acts as a spring to hold the door either open or shut, and also prevents said door from striking against the wheel, when opened.* The said plate E may be covered with leather or painted, or may consist wholly of leather.

"I have selected for illustration the preferred form of my invention, but reserve the right to vary the same, it being susceptible of various modifications. For example, instead of being pivoted to the step D, the lower end of the plate E may be hinged or otherwise coupled to a frame projecting from the carriage body and passing under the step. In some cases, *for example,* when the distance from the wheel to the body is short, I provide slots on both step and fender, or one

the door (see dotted lines in Fig. 1), and its elasticity enables it to hold the door firmly in either the closed or wide-open position, *when the cover and fender are connected, as shown, to the step D.* When the door C is shut the plate E closes up over the step D and prevents the wheel from throwing dirt *over the* step, as clearly shown in Fig. 2, but, as soon as the door is opened, the *cover and fender* E, *being attached to the door* C, *is, of course, carried with the door, and thus the step is uncovered, and the plate* E *then occupies such a position as to enable it to serve* as a fender to prevent the *rider's* clothes, *on entering or leaving the carriage,* from coming in contact with the hind wheel of the carriage, as represented in Fig. 1. The said plate E may be covered with leather or painted, or may consist wholly of leather.

"I have selected for illustration the preferred form of my invention, but reserve the right to vary the same, it being susceptible of *being made to assume* various *forms and* modifications. For example, instead of being pivoted to the step D, the lower end of the plate E may be hinged or otherwise coupled to a frame projecting from the carriage body and passing under the step. In some cases, when the distance from the wheel to the body is short, I provide slots on both

of them, to partially or wholly relieve the plate of the flexion incident to opening or closing the door.

"I claim *herein as new and of my invention* a combined step-cover and wheel-fender for carriages, consisting of the flexible plate E, *whose* upper end is attached to the carriage door, and *whose* lower end *is connected, d h,* to the step *or other fixed object, the whole being arranged to operate* substantially as *herein described and for the purpose* set forth."

step and fender, or one of them, to partially or wholly relieve the plate of the flexion incident to opening or closing the door.

" *The important feature of my invention is the plate E attached to the door of the carriage, and operating, by reason of such attachment, as a step-cover when the door is closed, and as a wheel-fender when the door is open.*

"I claim: 1. *In combination with the step D and the door C, the plate E attached to the door, to operate as a step-cover when the door is closed, and a wheel-fender when the door is open, substantially as and for the purpose specified.*

"2. A combined step-cover and wheel-fender for carriages, consisting of the flexible plate E, *the* upper end *of which* is attached to the carriage door, and *the* lower end to the step, *all being combined to operate as a step-cover, wheel-fender, and a spring connection to retain the door in the opened and closed positions, all* substantially as set forth."

Attention is at once arrested by certain marked differences between the two specifications. The drawings are alike. In the original specification the plate E is described as a yielding plate, while in the reissue it is merely a plate. In the original it is said that the lower end of the plate E *is* connected to the step through a bar with an eye in it which engages with an aperture in a flange on the step. In the reissue it is said that the lower end of the plate E *may be* so connected. In the origi-

nal the plate E is described as being flexible. In the reissue the inventor says that he prefers to make it of flexible material. In the original it is said that the elasticity of the plate E enables it to hold the door firmly either closed or open. In the reissue it is said that such elasticity will produce that effect when the plate E is connected to the step as shown in the drawings. In the original the description is that, as the door is opened, the plate E turns on the pivot device at its lower end, which connects it to the step. This is omitted in the reissue. In the original the plate is said to act as a spring to hold the door either open or shut. This is omitted in the reissue. The object of these changes is apparent. Unless the plate E is connected at the bottom with the step, the door cannot be kept open or closed by the operation of elasticity in the plate, for no elasticity can be developed unless the plate is held at its bottom. In the original the holding of the plate at its bottom to the step is made the rule; in the reissue it is made the exception. In the original the plate is said to be flexible, and is not said to be ever other than flexible. In the reissue only a preference for flexibility is asserted. The object of these changes is to arrive at a claim for a plate not held at its bottom to the step. Accordingly, the reissue makes the statement, not found in the original, that the important feature of the invention is to have the plate attached to the door, and thus operate as a step-cover and a wheel-fender. The first claim of the reissue is not found in the original, and grows out of the changes above mentioned. It is a broad claim to a combination with the step and the door of the plate E attached to the door, to operate as a step-cover and a wheel-fender, substantially as and for the purpose specified. The second claim in the reissue is substantially the same as the single claim of the original. It combines the features of the attachment of the plate, at its bottom, to the step, and, at its top, to the door, and of elasticity in the plate to hold the door open or closed.

The defendant's apparatus is a piece of material rigidly attached at its top to the door, and not attached at its bottom to the step, and operating as a combined step-cover and wheel-fender. It is plain that this construction did not infringe the claim of the original patent. It is alleged that it infringes the

first claim of the reissue. The defendant obtained a patent, No. 90,584, May 25, 1869, for an "improvement in step-covers and wheel-fenders for carriages." It was granted more than four years before the plaintiff applied for his reissue. The defendant's apparatus is constructed substantially in accordance with the description in that patent. That apparatus has on the rear part of the door elastic guards, which come against the wheel when the door is open. The claim of the patent is to the combined arrangement.

It is shown by the evidence that prior to the plaintiff's invention a combined wheel-fender and step-cover was in use in several forms, the step-cover being attached by a vertical arm or vertical arms to the bottom of the door by a rigid connection, and swinging back by the opening of the door, the vertical arm or arms then serving as a wheel-fender. In those structures the step-cover was a horizontal plate, projecting from the lower end of the vertical arm, and overlapping and covering, when the door was shut, the horizontal step, and being parallel with it. The defendant's structure differs from these old forms solely in having the vertical arm, which is rigidly attached to the lower part of the door, so extended in width as to itself cover the step and permit the horizontal part of the step-cover to be dispensed with. There is no difference in principle or mode of operation between the old structures and the defendant's structure. The difference is merely in form and shape. The plaintiff departed, in his original patent, from the principle of the old structures by joining his step-cover to the step and having the vertical plate yielding and flexible, so that its elasticity may keep the door open or closed. This, so far as appears, was a new invention, and he was entitled to claim it. He did claim it, and the original patent was adequate to secure it to him. The first claim of the reissue, if construed so as to cover the defendant's structure, must equally cover the old structures referred to. They had combined a step and a door, and a plate attached to the door, the plate operating as a step-cover when the door was closed, and as a wheel-fender when the door was open. Extending the vertical arm in width, so as to dispense with the horizontal projection from it, and make the vertical arm wide enough to cover the

step, or contracting the vertical arm in width and putting on the lower end of it a horizontal piece parallel with the step and overlying it, involved no new principle of structure or operation.

There is no suggestion in the specification of the original patent that the plate E is to be used disconnected at its lower end from the step, or to be any other than a yielding plate, so arranged as to keep the door open and shut, in addition to acting as a step-cover and wheel-fender. The first claim of the reissue, if construed so as to cover the defendant's structure, is void for want of novelty, being anticipated by the old structures referred to. Moreover, if so construed, it is invalid as being for a different invention from any found in the original patent. And, if it is so limited as to be no broader than the claim of the original patent, there has been no infringement of it. Under any view, the decree of the court below was correct; and it is

*Affirmed.*